**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO:**

NATHANIEL CAREY,

    Plaintiff,

v.

EWPB LLC, and
MICHAEL TOMKOVICH, individually,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, NATHANIEL CAREY ("Plaintiff"), files the following Complaint and Demand for Jury Trial against Defendants, EWPB LLC ("EWPB" or "EMPERORS"), and MICHAEL TOMKOVICH ("TOMKOVICH") (collectively referred to hereinafter as "Defendants"), and alleges as follows:

**INTRODUCTION**

1. This is an action arising under the federal Fair Labor Standards Act ("FLSA"), Title VII of the 1964 Civil Rights Act ("Title VII"), as amended, *42 U.S.C. §§ 2000e et seq.*, and the Florida Civil Rights Act of 1992, *Fla. Stat. §§ 760.01-760.11* ("FCRA"). During the relevant time period, Plaintiff was employed by Defendant to work in a nightclub in West Palm Beach, Florida. During all times pertinent to his employment, Plaintiff was not properly compensated under the FLSA and was subjected to race and sex-based discrimination predicated upon Plaintiff's failure to conform to gender stereotypes. This is an action to seek vindication of Plaintiff's civil rights against Defendants for the unlawful

pay policies of Defendants and for Plaintiff's termination solely based upon Plaintiff's participation in protected activity under federal and state law.

## PARTIES, JURISDICTION & VENUE

2. During all times material hereto, Plaintiff was a resident of the Southern District of Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, EWPB, was a Florida limited liability company located and transacting business within Palm Beach County, Florida, within the jurisdiction of this Honorable Court. EWPB operates its principal location at 8340 Resource Road, Riviera Beach, Florida 33404.

4. During all times material hereto, Defendant, TOMKOVICH, was and is a resident of the State of Florida and was managing member, owner, registered agent, and operator of both EMPERORS within Palm Beach County, Florida. On information and belief, Defendant, TOMKOVICH is the highest-ranking manager of a chain of adult entertainment clubs throughout the State of Florida.

5. During all times material hereto, Defendant, TOMKOVICH, was over the age of 18 years, and was vested with ultimate control and decision-making authority over the hiring, firing, and pay practices for Defendant, EMPERORS, during the relevant time period.

6. Defendant, EMPERORS was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein, and employed at least fifteen (15) employees during the relevant time period.

7. Defendant, TOMKOVICH, was also Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

2

8. All acts and omissions giving rise to this dispute took place within Palm Beach County, Florida.

9. Defendant, EMPERORS is headquartered and regularly transacts business in Palm Beach County, Florida, and TOMKOVICH regularly transacts business in Palm Beach County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

10. Venue is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

11. At all times material hereto, Defendant, EMPERORS, is and was a Florida limited liability company authorized, operating and licensed to do business in the State of Florida. Defendant, EMPERORS, employed more than fifteen (15) individuals, and has been a covered "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 § U.S.C. 2000e(b) and the FCRA, at all times relevant to this Complaint. Defendant, EMPERORS, is a "person" within the meaning of 42 U.S.C. § 2000e(a) and the FCRA.

12. Plaintiff was an "employee" of Defendant, EMPERORS, and an "aggrieved person" within the meaning of 42 U.S.C. § 2000e(f) and the FCRA § 760.02(10), from on or about November 2016, through on or about July 30, 2017.

13. This Honorable Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 28 § U.S.C. 1343, 28 U.S.C. § 1367, 42 U.S.C. § 2000e(5)(f)(3), and Fla. Stat. § 760.11 and §§ 761.03-761.04.  All conditions precedent to jurisdiction have occurred:

    (a) Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the commission of the unlawful employment practices of the Defendants;

(b) Prior to filing this action, the EEOC issued its Notice of Right to Sue on or about June 6, 2019;

(c) This Complaint is being timely filed within 90 days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

14. A substantial part of the acts complained of herein occurred primarily in the Southern District of Florida. Venue is therefore proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(c).

## GENERAL ALLEGATIONS

15. During all times material hereto, Defendants, EWPB, owned, controlled, and/or operated Emperor's Gentlemen's Club located at 8340 Resource Road, Riviera Beach, Florida 33404.

16. Defendant, TOMKOVICH, maintains control over the operations, hiring, firing, and payroll policies and practices of EMPERORS.

17. Plaintiff is a black Jamaican-American male.

18. In November 2016, Plaintiff was hired by Defendant, TOMKOVICH, to work for EMPERORS, and TOMKOVICH at Emperor's Gentlemen's Club in Palm Beach County, Florida.

19. During Plaintiff's employment, the Defendants compensated Plaintiff at the rate of one hundred twenty-five dollars ($125.00) per day regardless of the number of hours worked by Plaintiff.

20. Defendant, EMPERORS, is not exempt from FLSA coverage.

21. Defendant, EMPERORS, is covered under the FLSA through enterprise coverage, as EMPERORS was engaged in interstate commerce during all pertinent times in which

Plaintiff was employed. More specifically, EMPERORS was engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant, EMPERORS' business and Plaintiffs' work for EMPERORS' affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

22. During his employment with Defendant, EMPERORS, Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: telephones, pens, notepads, computers, cellular telephones, order forms, and other office related items.

23. Defendant, EMPERORS, also regularly employed two (2) or more employees for the relevant time period, who handled goods or materials similar to those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant, EMPERORS' business an enterprise covered by the FLSA.

24. Upon information and belief, Defendant, EMPERORS, grossed or did business in excess of $500,000.00 during the years of 2016, 2017, 2018, and is expected to gross in excess of $500,000.00 in 2019.

25. During his employment with Defendants, Plaintiff regularly and recurrently handled goods and materials that were traveling across state lines through interstate commerce and used the instrumentalities of commerce, such that Plaintiff was engaged in work that gives rise to individual coverage under the FLSA.

26. During all material times hereto, Plaintiff, and all others similarly situated, was a non-exempt employee of Defendants, EMPERORS, and TOMKOVICH, within the meaning of the FLSA.

27. Plaintiff worked as a non-exempt employee for Defendants, EMPERORS, and TOMKOVICH during the past three (3) years.

28. During all time periods hereto, Defendant, TOMKOVICH, maintained control over the day-to-day operations of EMPERORS, including the payroll, hiring, firing, and scheduling duties.

29. Defendant, TOMKOVICH, was the managing member of Defendant, EMPERORS, and controlled the companies' payroll practices, and was vested with ultimate decision-making authority for Defendant, EMPERORS.

**FLSA Violations During Plaintiff's Employment**

30. During Plaintiff's employment, the Defendants, EMPERORS, and TOMKOVICH, assigned Plaintiff to work multiple workweeks in which Defendants failed and refused to compensate Plaintiff in accordance with federal law.

31. Defendants regularly assigned Plaintiff's schedule, controlled the scope of work Plaintiff was to perform, instructed Plaintiff specifically what to do, and specifically instructed Plaintiff when he had to arrive and when he could leave.

32. From November 2016 through July 30, 2017, Plaintiff worked an average of fifty (50) to fifty-five (55) hours per week.

33. Defendants compensated Plaintiff one hundred twenty-five dollars ($125.00) per day regardless of the number of hours Plaintiff worked.

34. During the Plaintiff's employment period, there are approximately thirty-nine (39) weeks in which Plaintiff was not properly compensated.

35. Defendants failed to compensate Plaintiff at the rate of time-and-a-half his regular hourly rate for the work her performed in excess of forty (40) hours per week.

36. Plaintiff is entitled recover half-time for all of the hours he worked over forty (40) in any given workweek.

37. Defendants failed to properly compensate Plaintiff in these workweeks notwithstanding that Plaintiff performed work for the benefit of all Defendants.

38. Defendants' actions were intentional and/or willful and Plaintiff is therefore entitled to an additional amount of liquidated (double) damages for overtime wages owed.

39. During Plaintiff's employment, the Defendants also failed to maintain adequate and contemporaneous time records as required by the FLSA.

40. Defendants were either recklessly indifferent as to the overtime requirements under federal law, or, in the alternative, *intentionally violated federal law* so that the Defendants could avoid having to pay Plaintiff his lawful (and hard-earned) wages.

41. Based upon Defendants' intentional and/or willful violations of the FLSA, the three (3) year statute of limitations applies instead of the two (2) year statute of limitations.

### Title VII and FCRA Violations During Plaintiff's Employment

42. At all times relevant, Plaintiff is and had always been a black Jamaican-American male, which was known to Defendants and Defendants' employees during Plaintiff's employment.

43. Throughout the course of his employment and up to the time of his termination, Plaintiff was consistently a hard-working employee who performed his duties with no significant history of performance, attendance, or disciplinary issues.

44. Immediately after Plaintiff began working for Defendants, one of the General Managers of EMPERORS, Mr. Ehrens, subjected Plaintiff to a regular and recurrent degree of sexual and race-based harassment.

45. More specifically, during Plaintiff's employment, Mr. Ehrens regularly and routinely referred to Plaintiff as "his little nigger" and made crude comments about Plaintiff's race and Jamaican background in front of other employees.

46. Furthermore, in addition to constantly making these racially disparaging comments to Plaintiff, Mr. Ehrens additionally harassed Plaintiff based on his sex and failure to conform to gender stereotypes.

47. Mr. Ehrens regularly and recurrently used sex-based derogatory terms and commands when speaking to Plaintiff to humiliate, demean, and otherwise dehumanize Plaintiff in front of other employees at EMPERORS.

48. For example, Mr. Ehrens constantly told Plaintiff that he would receive a promotion only if Plaintiff would "suck his dick."

49. Mr. Ehrens also encouraged other managers to ask Plaintiff to "suck their dick" because "he is a fag – and likes it!"

50. Furthermore, during the employment period, Mr. Ehrens sent Plaintiff text messages in which he subjected Plaintiff to a barrage of sexually-charged comments, referring to Plaintiff as a "fag" and "gay ass."

51. When Plaintiff reported Mr. Ehrens' conduct to Defendants and requested that this conduct stop, the behavior and discrimination only intensified and increased in the workplace.

52. On or about July 30, 2017, immediately after Plaintiff objected to Mr. Ehrens' conduct and made another attempt to report this conduct to Defendant, TOMKOVICH, making the Defendants aware of the companies' severe and pervasive harassment based on his race and sex, Plaintiff was terminated.

53. Instead of stopping and reprimanding Plaintiff's superior, Mr. Ahrens, for his treatment of Plaintiff on the basis of his race and sex, the Defendants allowed this conduct to continue and approved the termination of Plaintiff in direct response for objecting to this unlawful conduct.

54. To the extent that Defendants attempt to claim that Plaintiff's termination was non-discriminatory and/or non-retaliatory such justification is merely pre-text and Defendants cannot overcome the presumption that the temporal proximity of Plaintiff's unlawful termination to his engagement in protected activity.

55. As a result of the above violations of federal law, Plaintiff has had retain the undersigned counsel to prosecute these claims and is therefore entitled to an award of reasonable attorney's fees and costs under the FLSA, Title VII, and/or FCRA.

## COUNT I – FEDERAL OVERTIME WAGE LAW VIOLATIONS – *29 U.S.C. § 207*
(**against All Defendants**)

56. Plaintiff re-avers and re-alleges Paragraphs 1 through 55 above, as though fully set forth herein.

57. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

58. Plaintiff is entitled to: (i) federal overtime wages; and (ii) liquidated damages pursuant to the FLSA.

59. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, NATHANIEL CAREY, demands judgment against Defendants, EWPB, LLC, and MICHAEL TOMKOVICH, individually, and respectfully requests that he be awarded the following relief: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT II – VIOLATION OF TITLE VII – RACE DISCRIMINATION
**(Against All Defendants)**

60. Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraphs 1 through 55 above as though fully set forth herein.

61. At all times material, Defendants and Defendants' employees, including Mr. Ahrens, knew that Plaintiff was a black Jamaican-American.

62. Defendants' employees began to severely and pervasively ridicule Plaintiff in the workplace on the basis of his race.

63. More specifically, Mr. Ehrens, the General Manager, would regularly refer to Plaintiff as "his little nigger" in front of other employees.

64. Defendants allowed and/or permitted their employees to create a hostile work environment that interfered with Plaintiff's ability to effectively perform his job duties and responsibilities.

65. Defendants were in violation of Plaintiff's statutory rights to be free of discrimination with respect to the terms, conditions or privileges on the basis of his race.

66. Defendants, through their employees, subjected this particular Plaintiff to race discrimination. The conduct of Defendants and their employees, described in this Complaint, violated rights secured to Plaintiff by Title VII, *42 U.S.C. § 2000e*.

67. As a direct and proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer a loss of income, damage to career, loss of career opportunity, severe emotional distress, anxiety, humiliation, embarrassment, damage to reputation, violations of his constitutional and statutory rights and other consequential damages.

68. At all times material hereto, the Defendants' acts and omissions were done intentionally, willfully, with deliberate indifference, with reckless indifference and/or with malice toward the federal and state statutory rights of Plaintiff, justifying an award of punitive damages. Defendant knew of and were deliberately indifferent to the discrimination and retaliation, and failed to take prompt, effective remedial action.

WHEREFORE, Plaintiff, NATHANIEL CAREY, respectfully requests that this Honorable Court enter judgment in his favor, and: (a) award Plaintiff actual damages suffered; (b) award Plaintiff front and back pay; (c) award Plaintiff reinstatement; (d) award Plaintiff compensatory damages under Title VII for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer; € award Plaintiff prejudgment interest on his damages award; (f) award Plaintiff punitive damages, according to proof; (g) enjoin Defendants, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any other employee; (h) award Plaintiff reasonable costs and attorney's fees incurred in the prosecution of these claims; and any other such further relief as this Court deems just and equitable under the circumstances.

## **COUNT III – VIOLATION OF TITLE VII – SEX DISCRIMINATION**
**(Against All Defendants)**

69. Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraphs 1 through 55 above as though fully set forth herein.

70. At all times material, Defendants and Defendants' employees knew that Plaintiff was a male and treated Plaintiff differently solely on the basis that Plaintiff failed to conform to gender stereotypes.

71. Defendants' employees, including Mr. Ahrens, began to severely and pervasively ridicule Plaintiff in the workplace on the basis of his sex and failure to conform to gender stereotypes.

72. More specifically, Mr. Ahrens regularly and recurrently used sex-based derogatory terms and commands when speaking to Plaintiff to humiliate, demean, and otherwise dehumanize Plaintiff in front of other company employees.

73. For example, Mr. Ehrens constantly told Plaintiff that he would receive a promotion only if Plaintiff would "suck his dick."

74. Mr. Ehrens also encouraged other managers to ask Plaintiff to "suck their dick" because "he is a fag – and likes it!"

75. During Plaintiff's employment, Mr. Ehrens sent Plaintiff text messages in which he subjected Plaintiff to a barrage of sexually-charged comments, referring to Plaintiff as a "fag" and "gay ass."

76. When Plaintiff reported Mr. Ehrens' conduct and requested that this conduct stop, the behavior and discrimination only intensified and increased.

77. Defendants allowed and/or permitted their employees to engage in this conduct, thus creating a hostile work environment that interfered with Plaintiff's ability to effectively perform his job duties and responsibilities.

78. Defendants were in violation of Plaintiff's statutory rights to be free of discrimination with respect to the terms, conditions or privileges on the basis of his sex.

79. Defendants subjected Plaintiff to sex discrimination. The conduct of Defendants and their employees, described in this Complaint, violated rights secured to Plaintiff by Title VII, *42 U.S.C. § 2000e*.

80. As a direct and proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer a loss of income, damage to career, loss of career opportunity, severe emotional distress, anxiety, humiliation, embarrassment, damage to reputation, violations of his constitutional and statutory rights and other consequential damages.

81. At all times material hereto, the Defendants' acts and omissions were done intentionally, willfully, with deliberate indifference, with reckless indifference and/or with malice toward the federal and state statutory rights of Plaintiff, justifying an award of punitive damages. Defendant knew of and were deliberately indifferent to the discrimination and retaliation, and failed to take prompt, effective remedial action.

WHEREFORE, Plaintiff, NATHANIEL CAREY, respectfully requests that this Honorable Court enter judgment in his favor, and: (a) award Plaintiff actual damages suffered; (b) award Plaintiff front and back pay; (c) award Plaintiff reinstatement; (d) award Plaintiff compensatory damages under Title VII for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer; € award Plaintiff prejudgment interest on his damages award; (f) award Plaintiff punitive damages, according to proof; (g) enjoin Defendant, its

officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any other employee; (h) award Plaintiff reasonable costs and attorney's fees incurred in the prosecution of these claims; and any other such further relief as this Court deems just and equitable under the circumstances.

### COUNT IV – VIOLATION OF TITLE VII – RETALIATATION
**(Against All Defendants)**

82. Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraphs 1 through 55 above as though fully set forth herein.

83. Plaintiff is, and at all times relevant herein was, a black Jamaican-American male.

84. Plaintiff engaged in actions protected by Title VII, *42 U.S.C. § 2000e et seq.*, to stop the hostile work environment that Defendants had allowed to permeate the workplace, including, but not limited to, making numerous oral requests, including Plaintiff voicing his intent to oppose Defendants' unlawful practices in the workplace.

85. Because of Plaintiff's protected actions, Defendants retaliated against Plaintiff by, among other things, creating a hostile work environment for Plaintiff, reprimanding Plaintiff for reporting this unlawful conduct, creating pre-textual reasons for possibly terminating Plaintiff, and ultimately terminating Plaintiff in direct response to submitting his complaints of discrimination in the workplace.

86. The conduct of the Defendants in retaliating against Plaintiff because of his protected actions was intentional. Defendants engaged in a discriminatory practice or practices with malice or with reckless indifference to the federally protected rights of the Plaintiff.

87. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to his career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award

including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Defendants.

WHEREFORE, Plaintiff, NATHANIEL CAREY, respectfully requests that this Honorable Court enter judgment in his favor, and: (a) award Plaintiff actual damages suffered; (b) award Plaintiff front and back pay; (c) award Plaintiff reinstatement; (d) award Plaintiff compensatory damages under Title VII for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer; € award Plaintiff prejudgment interest on his damages award; (f) award Plaintiff punitive damages, according to proof; (g) enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any other employee; (h) award Plaintiff reasonable costs and attorney's fees incurred in the prosecution of these claims; and any other such further relief as this Court deems just and equitable under the circumstances.

## **COUNT V – VIOLATION OF THE FCRA – RACE DISCRIMINATION**
**(Against All Defendants)**

88. Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraphs 1 through 55 above as though fully set forth herein.

89. Defendant was in violation of Plaintiff's statutory rights to be free of discrimination with respect to the terms, conditions or privileges on the basis of his race.

90. Defendant subjected Plaintiff to race discrimination. The conduct of Defendants and their employees, described in this Complaint, violated rights secured to Plaintiff by the FCRA.

91. As a direct and proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer a loss of income, damage to career, loss of career opportunity, severe emotional distress, anxiety, humiliation, embarrassment, damage to reputation, violations of his constitutional and statutory rights and other consequential damages.

92. At all times material hereto, the Defendants' acts and omissions were done intentionally, willfully, with deliberate indifference, with reckless indifference and/or with malice toward the federal and state statutory rights of Plaintiff, justifying an award of punitive damages. Defendants knew of and were deliberately indifferent to the discrimination and retaliation, and failed to take prompt, effective remedial action.

WHEREFORE, Plaintiff, NATHANIEL CAREY, respectfully requests that this Honorable Court enter judgment in his favor, and: (a) award Plaintiff actual damages suffered; (b) award Plaintiff front and back pay; (c) award Plaintiff reinstatement; (d) award Plaintiff compensatory damages under the FCRA for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer; (e) award Plaintiff prejudgment interest on his damages award; (f) award Plaintiff punitive damages, according to proof; (g) enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any other employee; (h) award Plaintiff reasonable costs and attorney's fees incurred in the prosecution of these claims; and any other such further relief as this Court deems just and equitable under the circumstances.

### COUNT VI – VIOLATION OF THE FCRA – SEX DISCRIMINATION
**(Against All Defendants)**

93. Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraphs 1 through 55 above as though fully set forth herein.

94. Defendants were in violation of Plaintiff's statutory rights to be free of discrimination with respect to the terms, conditions or privileges on the basis of his sex.

95. Defendants subjected Plaintiff to sex discrimination. The conduct of Defendants and their employees, described in this Complaint, violated rights secured to Plaintiff by the FCRA.

96. As a direct and proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer a loss of income, damage to career, loss of career opportunity, severe emotional distress, anxiety, humiliation, embarrassment, damage to reputation, violations of his constitutional and statutory rights and other consequential damages.

97. At all times material hereto, the Defendants' acts and omissions were done intentionally, willfully, with deliberate indifference, with reckless indifference and/or with malice toward the federal and state statutory rights of Plaintiff, justifying an award of punitive damages. Defendants knew of and were deliberately indifferent to the discrimination and retaliation, and failed to take prompt, effective remedial action.

WHEREFORE, Plaintiff, NATHANIEL CAREY, respectfully requests that this Honorable Court enter judgment in his favor, and: (a) award Plaintiff actual damages suffered; (b) award Plaintiff front and back pay; (c) award Plaintiff reinstatement; (d) award Plaintiff compensatory damages under the FCRA for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer; € award Plaintiff prejudgment interest on his damages award; (f) award Plaintiff punitive damages, according to proof; (g) enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any other employee; (h) award Plaintiff reasonable costs and attorney's fees incurred in the prosecution of these claims; and any other such further relief as this Court deems just and equitable under the circumstances.

## **COUNT VII – VIOLATION OF THE FCRA – RETALIATION**
**(Against All Defendants)**

98. Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraphs 1 through 55 above as though fully set forth herein.

99. Plaintiff is, and at all times relevant herein was, a black Jamaican-American male.

100. Plaintiff engaged in actions protected by the FCRA to stop the hostile work environment that Defendants had allowed to permeate the workplace, including, but not limited to, making numerous oral requests, including Plaintiff's opposition to the unlawful practices in the workplace.

101. Because of Plaintiff's protected actions, Defendants retaliated against Plaintiff by, among other things, creating a hostile work environment for Plaintiff, reprimanding Plaintiff for reporting this unlawful conduct, creating pre-textual reasons for possibly terminating Plaintiff, and ultimately terminating Plaintiff.

102. The conduct of the Defendants in retaliating against Plaintiff because of his protected actions was intentional. Defendants engaged in a discriminatory practice or practices with malice or with reckless indifference to the federally and state protected rights of the Plaintiff.

103. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to his career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Defendant.

WHEREFORE, Plaintiff, NATHANIEL CAREY, respectfully requests that this Honorable Court enter judgment in his favor, and: (a) award Plaintiff actual damages suffered; (b) award Plaintiff front and back pay; (c) award Plaintiff reinstatement; (d) award Plaintiff compensatory

damages under the FCRA for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer; (e) award Plaintiff prejudgment interest on his damages award; (f) award Plaintiff punitive damages, according to proof; (g) enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any other employee; (h) award Plaintiff reasonable costs and attorney's fees incurred in the prosecution of these claims; and any other such further relief as this Court deems just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, NATHANIEL CAREY, hereby requests and demands a trial by jury on all appropriate claims set forth within this Complaint.

**Dated this 20th of June, 2019.**

                                                      Respectfully Submitted,

                                                      **USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
(954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
jordan@jordanrichardspllc.com
melissa@jordanrichardspllc.com
jill@jordanrichardspllc.com
jake@jordanrichardspllc.com
stephanie@jordanrichardspllc.com
mike@usaemploymentlawyers.com

## CERTIFICATE OF SERVICE

<_>I HERE CERTIFY that the foregoing document was filed via CM/ECF on June 20, 2019.</_>

I HERE CERTIFY that the foregoing document was filed via CM/ECF on June 20, 2019.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**